**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JESSE C. MARTINEZ,

       Plaintiff,

v.                                                        No. CIV-07-0008 JCH/ACT

MATT E. CHANDLER,

       Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and, for the reasons below, Plaintiff's complaint will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint claims that Defendant Chandler, a state district attorney, violated a number of Plaintiff's constitutional protections.  Plaintiff makes no factual allegations in support of these claims except to note that Defendant's actions were taken "under his authority as a state prosecutor."  The complaint seeks damages and injunctive relief.

To the extent that Plaintiff's constitutional claims arose from Defendant's prosecution of criminal charges against Plaintiff, Defendant is immune from this action.  In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  Plaintiff does not specify the injunctive relief he seeks.  The Court will dismiss the complaint without prejudice to Plaintiff's right to file an amended complaint.  *See Hall*, 935 F.2d 1110.  Failure to timely file an amended complaint will result in dismissal of this action.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff is required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee.  The Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice;

IT IS FINALLY ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file an amended complaint; and the Clerk is directed to send Plaintiff a blank § 1983 complaint.

_____
UNITED STATES DISTRICT JUDGE